IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY ACKERMAN, ET AL., Plaintiffs, | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:24-cv-01588 |
| ARKEMA INC. Defendant. | § § § | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Arkema Inc. ("Arkema") files this notice of removal based on diversity jurisdiction and makes the following statement of the grounds for removal.

**I.    SUMMARY OF THE NOTICE**

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy is greater than $75,000.00.

Plaintiffs are 793 individuals who allege to be residents of Texas, Florida, Connecticut, Louisiana, North Carolina, and Missouri. Pet. at ¶ 1. Arkema is a Pennsylvania corporation with a Pennsylvania principal place of business, as Plaintiffs' counsel have recognized in four filings in similar litigation. Plaintiffs seek 13 independent categories of damages, and explicitly "seek monetary relief in excess of $1,000,000." Pet. at ¶¶ 3, 90. This Court in denying motions to remand similar cases based on the same underlying events has already held that it "is facially apparent that the nature of Plaintiff[s'] claims will require a substantial amount of attorney time and effort," such that "Plaintiff[s'] Original Petition shows that the amount in controversy exceeds $75,000." *Duhon v. Arkema Inc., et al.*, No. 19-1009, Order at Doc. No. 11 at 4 (S.D. Tex. May 15, 2019) (Gilmore, J.) (denying motion to remand because the Court had diversity jurisdiction); *see also Sneed v. Arkema Inc., et al.*, No. 19-1014, Order at Doc. No. 19 at 4 (S.D. Tex. May 16, 2019)

(Gilmore, J.) (same).

In the alternative, this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA") because this is a mass action in which more than 100 individuals seek monetary relief, minimum diversity of citizenship exists, and the collective amount in controversy exceeds $5,000,000.00. 28 U.S.C. § 1332(d).

## II. PROCEDURAL HISTORY

1. On April 4, 2024, Plaintiffs filed an Original Petition (the "Petition") commencing this action, styled *Dorothy Ackerman, et al. v. Arkema Inc.*, No. 2024-21497; In the 270th Judicial District of Harris County, Texas (the "State Action").

2. Plaintiffs have asserted causes of action for negligence, gross negligence, negligence *per se*, negligent misrepresentation, trespass, and private nuisance.

## III. THIS CASE IS PROPERLY REMOVED TO THIS COURT

### A. Complete diversity of citizenship exists.

3. Under 28 U.S.C. § 1332(a)(1), this is a civil action between citizens of different states.

4. Plaintiffs are 793 individuals who allege to be residents of Texas, Florida, Connecticut, Louisiana, North Carolina, and Missouri. Pet. at ¶ 1.

5. Arkema is a Pennsylvania corporation with its principal place of business in King of Prussia, Pennsylvania. Arkema is not a citizen of the state where this action is brought. *See* 28 U.S.C. §§ 1332(c)(1) and 1441(b).

6. Plaintiffs erroneously suggest that Arkema has its "corporate headquarters in Texas, located at 9502B Bayport Boulevard, Pasadena, Texas, 77507," Pet. at ¶ 2, but that is false. "King of Prussia, Pennsylvania is home to Arkema's U.S. headquarters and main research and development location." Arkema, *Headquarters King of Prussia, Pennsylvania*,

https://arkema.com/usa/en/united-states/headquarters/king-of-prussia-pa-hq/.

7. Indeed, five days after filing this Petition, Plaintiffs' counsel Dennis D. Spurling, Kevin W. Thompson, David R. Barney, Jr., and P. Rodney Jackson filed a separate petition pertaining to the same events on behalf of two other plaintiffs—Manuel and Gabriella Cruz—which admits that Arkema's principal place of business is King of Prussia, Pennsylvania:

> 16. Defendant Arkema Inc. ("Arkema"), is a Pennsylvania corporation with its principal place of business in King of Prussia, Pennsylvania. It is the owner, operator and permittee of the Arkema facility. Arkema, Inc., Defendant herein, is a Pennsylvania Corporation doing business in the State of Texas. Based upon information and belief, Arkema, Inc. is the owner of the property and facility located at 18000 Crosby Eastgate Road, Crosby, Texas 77532, hereinafter ("Crosby facility"). As detailed on its website, Arkema, Inc. maintains a corporate headquarters in Texas, located at 9502B Bayport Boulevard, Pasadena, Texas, 77507. Arkema has availed itself of the jurisdiction and laws of the State of Texas.; and who may be served through it's agent for service of process: Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701-3218 USA.

*Cruz, et al. v. Arkema Inc.*, No. 2024-22475; In the 189th District Court of Harris County, Texas, Plaintiffs' Verified Petition for Damages at ¶ 16 (Apr. 9, 2024).

8. Those same Plaintiffs' counsel also signed three pleadings in another case based on the same events recognizing that Arkema's principal place of business is in Pennsylvania:

> 23. Defendant Arkema Inc. ("Arkema"), is a Pennsylvania corporation with its principal place of business in King of Prussia, Pennsylvania. It is the owner, operator and permittee of the Arkema facility. Defendant Arkema Inc. is a wholly owned operating subsidiary of Arkema, S.A.

*See Wheeler, et al. v. Arkema Inc.*, No. 17-2960, Class Action Complaint, Doc. No. 1 at ¶ 23

(S.D. Tex. Oct. 3, 2017) (Ellison, J.);

> 23. Defendant Arkema Inc., is a Pennsylvania corporation with its principal place of business in King of Prussia, Pennsylvania. It is the owner, operator and permittee of the Arkema facility. Defendant Arkema Inc. is a wholly owned operating subsidiary of Defendant Arkema, S.A.

*Wheeler, et al. v. Arkema Inc.*, No. 17-2960, First Amended Class Action Complaint, Doc. No. 25 at ¶ 23 (Dec. 18, 2017) (Ellison, J.);

> 23. Defendant Arkema Inc., a Pennsylvania corporation with its principal place of business in King of Prussia, Pennsylvania is the owner, operator and permittee of the Arkema facility that the subject of this lawsuit. Defendant Arkema, Inc. is an operating subsidiary of Defendant Arkema S.A. [1]

*Wheeler, et al. v. Arkema Inc.*, No. 17-2960, Second Amended Class Action Complaint, Doc. No. 75 at ¶ 23 (June 19, 2018) (Ellison, J.).

9. Therefore, both at the time of filing the State Action and at the time of removal, there is complete diversity between Plaintiffs and Arkema under 28 U.S.C. § 1332(a)(1) and it is properly removeable under 28 U.S.C. § 1441(b).

10. Likewise, 28 U.S.C. § 1441(b)(2) does not preclude removal because Arkema is not a citizen of Texas.

**B.     The amount in controversy exceeds $75,000.00.**

11. A defendant within the Fifth Circuit may establish the amount in controversy for diversity jurisdiction by "demonstrating that it is facially apparent that the claims are likely above $75,000.00." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (internals omitted).

12. Under this "well-settled circuit precedent," removing defendants need only reference a plaintiff's pleadings to demonstrate that the jurisdictional minimum is met. *In re Whole*

- 4 -

4861-2496-5562, v.1

*Foods Mkt., Inc., Greek Yogurt Mktg. & Sales Practices Litig.*, No. 14-2588, 2015 WL 5737692, at *6 (W.D. Tex. Sept. 30, 2015).

13. As described below, no Plaintiff can establish to a "legal certainty" that his/her claims for damages are "really for less than the jurisdictional amount," and this Court therefore cannot decline to exercise jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

14. The Petition specifically seeks costs of litigation, exemplary damages, and the following categories of damages: (1) "costs for water replacement, travel, home repair and any other out-of-pocket expenses as the result of Defendant's conduct, acts, or omissions"; (2) "diminution of property value and stigma"; (3) "damages for loss of use and enjoyment of property, inconvenience, annoyance, aggravation, nuisance, and emotional distress"; (4) "mental anguish in the past"; (5) "mental anguish in the future"; (6) "loss of use of property and any costs related to Plaintiffs not being able to access their property due to the mandatory evacuation and/or fear of explosions and chemical exposure"; (7) "injury to improvements including cost of repairs (including mold), loss of use, or any combination thereof, caused by Plaintiffs not being able to access their property due to the mandatory evacuation and/or fear of explosions and chemical exposure"; (8) "injury to business that resulted in lost profits, loss of credit or reputation thereof, loss of goodwill, or any combination thereof"; (9) reasonable medical care and expenses in the past" that "were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas"; (10) "physical pain and suffering in the past"; (11) "physical pain and suffering in the future"; (12) "physical impairment which, in all reasonable probability, will be suffered in the future"; and (13) "loss of earnings in the past." Pet. at ¶¶ 90, 99, 101.

15. Additionally, Plaintiffs state that they "seek monetary relief in excess of $1,000,000." Pet. at ¶ 3.

16. This Court has denied motions to remand similar cases based on the same underlying events, holding that it "is facially apparent that the nature of Plaintiff[s'] claims will require a substantial amount of attorney time and effort," such that "Plaintiff[s'] Original Petition shows that the amount in controversy exceeds $75,000." *Duhon v. Arkema Inc., et al.*, No. 19-1009, Order at Doc. No. 11 at 4 (S.D. Tex. May 15, 2019) (Gilmore, J.) (denying motion to remand because the Court had diversity jurisdiction); *see also Sneed v. Arkema Inc., et al.*, No. 19-1014, Order at Doc. No. 19 at 4 (S.D. Tex. May 16, 2019) (Gilmore, J.) (same).

17. Moreover, plaintiffs in cases alleging similar claims based on the same underlying facts have claimed that more than $75,000.00 is at issue. For example, in *Graves, et al. v. Arkema Inc., et al.*, the original petition sought "monetary relief over $1,000,000" on behalf of seven plaintiffs. No. 17-3068, Plaintiffs' Original Petition and Application for Temporary Restraining Order and Temporary Injunction and Request for Disclosure, Doc. No. 1-2 at 4 (S.D. Tex. Oct. 12, 2017) (Gilmore, J.). "[M]onetary relief over $200,00 but not more than $1,000,000" was at issue in *Adlong v. Arkema Inc., et al.*, a case brought by two plaintiffs. No. 18-3754, Plaintiff's Original Petition & Request for Disclosure, Doc. No. 1-2 at ¶ 3 (S.D. Tex. Oct. 11, 2018) (Hanen, J.).

18. Therefore, it is facially apparent that the Petition seeks monetary damages and costs in an amount likely above $75,000.[1] *See Luckett*, 171 F.3d at 298. Thus, this action is properly removable under 28 U.S.C. § 1332(s).

---

[1] A notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Should Plaintiffs contest that the amount in controversy exceed the jurisdictional minimum, Arkema hereby reserves the right to present evidence in support of its arguments that the amount in controversy likely exceeds $75,000 and/or that it is facially apparent that the amount in controversy likely exceeds $75,000.

    **C.**    **This case is also removable as a mass action under CAFA.**

19.    In the alternative, under 28 U.S.C. § 1332(d), this is a mass action.

20.    Mass actions are removable under CAFA where (1) the case concerns monetary relief claims of 100 or more persons; (2) minimal diversity exists; (3) the amount in controversy exceeds $75,000 for at least one individual plaintiff; and (4) the amount in controversy collectively exceeds $5,000,000 for all plaintiffs. *See Boulanger v. Devlar Energy Mkting., LLC*, No. 15-3032, 2015 WL 7076475, at *2–3 (N.D. Tex. Nov. 13, 2015).

21.    The Petition names 793 individuals as Plaintiffs. Pet. at ¶ 1. This case is thus a "mass action" under 28 U.S.C. § 1332(d)(11)(B)(i).

22.    As described in Paragraphs 3–10 above, complete diversity exists between the parties. By definition, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A), too.

23.    For the reasons described in Paragraphs 11–18 above, the amount in controversy exceeds $75,000.00 for at least one individual plaintiff.

24.    For the reasons described in Paragraphs 11–18 above, the amount in controversy exceeds $5,000,000 for all Plaintiffs collectively.

25.    Therefore, this Court has original jurisdiction over this mass action under CAFA and it is properly removable. 28 U.S.C. § 1332(d).

    **D.**    **Arkema timely filed this notice of removal.**

26.    Arkema was served in the State Action on April 8, 2024.

27.    Under 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days after Arkema received citation in the State Action and is timely filed. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353–56 (1999) (holding that 30-day removal period begins to run when defendant is formally served).

  **E.**  **This Court is the appropriate venue for removal.**

  28.  Removal is proper to this District and this Division because the Houston Division of the United States District Court for the Southern District of Texas is the district and division within which the State Action is pending. 28 U.S.C. § 1441(a).

  **F.**  **All joined and served defendants consent to removal.**

  29.  Arkema is the only defendant to the State Action, and it files this notice of removal. 28 U.S.C. § 1446(b)(2)(A).

  **G.**  **Arkema will give written notice of removal in state court.**

  30.  Pursuant to 28 U.S.C. § 1446(d), Arkema will give written notice of the removal of this civil action to all adverse parties and will file a Notice of Filing of Notice of Removal with the County Clerk of Harris County, Texas.

**IV.**  **CONCLUSION**

  31.  Based on the above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

  32.  Accordingly, because this civil action is wholly between citizens of different states and because, based on the allegations of the Petition, the amount in controversy likely exceeds the sum of $75,000.00, Arkema may and hereby does remove this action pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

  33.  Moreover, because this civil action is a mass action where minimum diversity exists and because, based on the allegations of the Petition, the amount in controversy likely exceeds the sum of $75,000.00 as to at least one individual Plaintiff and likely exceeds the sum of $5,000,000.00 as to all Plaintiffs collectively, Arkema may and hereby does remove this action pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446.

  34.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81 of the United States District

Court for the Southern District of Texas, the following documents are attached to this Notice of Removal as exhibits:

| | | |
|---|---|---|
| Exhibit A: | All executed process in this case; |
| Exhibit B: | All pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions, and all answers to such pleadings; |
| Exhibit C: | All orders signed by the state judge; |
| Exhibit D: | State court docket sheet; |
| Exhibit E: | Index of matters being filed; and |
| Exhibit F: | List of all counsel of record, including addresses, telephone numbers, and parties represented. |

35. If any question arises as to the propriety of the removal of this action, Arkema requests the opportunity to present a brief with supporting documentation, if applicable, and oral argument in support of its position that this case is removable.

36. By filing this Notice of Removal, Arkema does not waive and hereby expressly reserves the right to assert any defense or motion available in this action pursuant to state or federal law after removal to this Court, including but not limited to objections regarding jurisdiction, venue, sufficiency of process or service of process, and the service of discovery.

WHEREFORE, Arkema respectfully removes this action from the 270th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

4861-2496-5562, v.1

Respectfully submitted,

SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP

By: */s/ Michael L. Brem*
    Michael L. Brem
    State Bar No. 02952020
    S.D. TX Federal I.D. No. 13175
    Pennzoil Place - South Tower
    711 Louisiana St., Suite 1750
    Houston, Texas 77002
    Telephone: (713) 221-2500
    Facsimile: (713) 221-2525
    Email: mbrem@sdablaw.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT ARKEMA INC.**

OF COUNSEL:
Thomas E. Birsic (*pro hac vice forthcoming*)
thomas.birsic@klgates.com
Jackie S. Celender (*pro hac vice forthcoming*)
jackie.celender@klgates.com
Wesley A. Prichard (*pro hac vice forthcoming*)
wesley.prichard@klgates.com
K&L GATES LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501

CERTIFICATE OF SERVICE

    This is to certify that on April 29, 2024, a true and correct copy of the foregoing document was served upon all known counsel of record via the Court's CM/ECF electronic filing system.

    */s/ Michael L. Brem*
    Michael L. Brem