United States District Court
Southern District of Texas
**ENTERED**
December 05, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY ACKERMAN et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-1588 |
| | § | |
| ARKEMA INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| MANUEL CRUZ et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-1589 |
| | § | |
| ARKEMA INC., | § | **(By virtue of this order, consolidated** |
| | § | **with Civil Action No. 4:24-cv-1588)** |
| *Defendant.* | § | |
| | § | |

### ORDER

Pending before the Court is Arkema Inc.'s ("Defendant") Motion to Consolidate, (*Ackerman* Doc. No. 12), and Motion to Dismiss, (*Ackerman* Doc. No. 13), in *Ackerman et al. v. Arkema Inc.*, No. 4:24-cv-1588. Dorothy Ackerman and 792 others joined in *Ackerman* ("*Ackerman* Plaintiffs") responded in opposition to the Motion to Dismiss. (*Ackerman* Doc. No. 20). Defendant filed a reply in support. (*Ackerman* Doc. No. 24).

Also pending before the Court is Defendant's identical Motion to Dismiss, (*Cruz* Doc. No. 11), in a related case, *Cruz et al. v. Arkema Inc.*, No. 4:24-cv-1589. Manuel Cruz and Gabriela Cruz ("*Cruz* Plaintiffs"; collectively, with the *Ackerman* Plaintiffs, "Plaintiffs") filed a response in opposition, (*Cruz* Doc. No. 17), to which Defendant replied, (*Cruz* Doc. No. 18).

Having considered the motions and the relevant pleadings, the Court **GRANTS** the Motion to Consolidate. (*Ackerman* Doc. No. 12). All pleadings hereinafter will be filed in Cause No. 4:24-cv-1588. Given that the Motions to Dismiss in the two now-consolidated cases are identical, the Court considers them together and **GRANTS** the Motions to Dismiss. (*Ackerman* Doc. No. 13 and *Cruz* Doc. No. 11).

### I.    Factual Background

The following facts are taken from Plaintiffs' Original Petition.[1] This case arises from a series of explosions and release of allegedly toxic chemicals from a chemical-manufacturing facility in Crosby, Texas. Defendant, a Pennsylvania corporation, operates a facility in Crosby, Texas, that manufactures, processes, and stores Luperox, a proprietary chemical. (Doc. No. 1-2 at 24–25). This chemical may combust if not stored at low temperatures. (*Id.* at 25).

Hurricane Harvey made landfall on August 25, 2017. (*Id.*). It brought with it torrential downpour, leading to flooding and power outages. (*Id.*). Despite the fact that Harvey was predicted early on to bring severe weather, according to Plaintiffs, Defendant was not prepared, facing multiple failures. First, the rain overflowed the waste-chemical containers, releasing toxic waste chemicals into surround areas. (*Id.* at 26). Second, the concomitant power outage Harvey brought meant Defendant could not keep Luperox at low enough temperatures to prevent explosions. (*Id.* at 25). The back-up failed, too, because the rain overwhelmed the cooling pipes installed only 18 inches off of the ground. (*Id.*). It appears Defendant eventually moved Luperox into refrigerated trucks. (*Id.* at 27). Those, however, also failed. (*Id.* at 26–27). On August 31, 2017, the first explosion occurred. (*Id.* at 26). From then to September 3, 2017, a series of explosions occurred, culminating with the allegedly intentional, controlled ignition of six refrigerated trucks. (*Id.* at 26–

---

[1] Since the allegations in *Ackerman* and *Cruz* are substantially and substantively similar, the Court cites to the *Ackerman* docket for simplicity, unless otherwise indicated.

27). Plaintiffs contend that this sent ash, particulate matter, and chemicals into surrounding areas. (*Id.* at 27).

Defendant subsequently issued an evacuation notice within the 1.5-mile radius of the facility. (*Id.* at 26). The National Guard mandated the evacuation, causing some people to leave their flooded homes, unable to mitigate the flood damage. (*Id.*).

## II.    Procedural Background

On October 3, 2017, thirty days after the last explosion, some individuals filed a class action in the Southern District that was assigned to Judge Ellison. (*Wheeler et al. v. Arkema*, No. 4:17-cv-2960, Doc. No. 1). Judge Ellison, however, only certified a Rule 23(b)(2) injunctive-relief class and declined to certify a Rule 23(b)(3) damages class. (*Wheeler* Doc. No. 316). The order denying a damages class certification was entered on May 18, 2022. (*Id.*).

On April 4, 2024, *Ackerman* Plaintiffs filed their suit in state court. (*Ackerman* Doc. No. 1-2). Defendant timely removed this case based on diversity jurisdiction. (*Ackerman* Doc. No. 1). *Ackerman* involves 793 individuals who are citizens of Texas, Florida, Connecticut, Louisiana, North Carolina, and Missouri. (*Ackerman* Doc. No. 1-2 at 4–22). These Plaintiffs bring six causes of action: (1) negligence; (2) gross negligence; (3) negligence per se; (4) negligent misrepresentation; (5) trespass; and (6) private nuisance. (*Id.* at 36–40). For these, Plaintiffs seek damages for personal injury, mental anguish, economic loss, property damage, and consequential damages. (*Id.* at 40–41).

On April 9, 2024, *Cruz* Plaintiffs, represented by the same counsel as *Ackerman* Plaintiffs, filed their suit in state court. (*Cruz* Doc. No. 1-2). Defendant timely removed this case based on diversity jurisdiction. (*Cruz* Doc. No. 1). *Cruz* involves two individuals in Texas. (*Cruz* Doc. No. 1-2 at 6). They also bring the same six causes of action as *Ackerman* Plaintiffs. (*Id.* at 17–21). *Cruz*

Plaintiffs do not seek damages for personal injury or mental anguish, but, instead, for property damage, economic loss, and consequential damages. (*Id.* at 23).

Notably, while the two lawsuits may seek slightly different remedies, *Ackerman* and *Cruz* both were filed in state court, asserting state-law causes of action.

### III.    Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means to raise a statute of limitations defense." *Abecassis v. Wyatt*, 785 F. Supp. 2d 614, 651 (S.D. Tex. 2011) (citing *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987)). "A motion to dismiss may be granted on a statute of limitations defense when it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014).

4

## IV.   Analysis

### A. Motion to Consolidate

Defendant filed a motion to consolidate *Ackerman et al. v. Arkema Inc.*, No. 4:24-cv-1588, with *Cruz et al. v. Arkema Inc.*, No. 4:24-cv-1589. (*Ackerman* Doc. No. 12). While Plaintiffs initially opposed the motion because they sought consolidation with the *Wheeler* class action before Judge Ellison, Judge Ellison has since denied their motion to consolidate with *Wheeler*. (*Wheeler* Doc. No. 354). Plaintiffs, in turn, have indicated that they no longer oppose Defendant's motion. (*Ackerman* Doc. No. 22).

Under Rule 42(a) of the Federal Rules of Civil Procedure, the Court has discretion to consolidate actions that "involve a common question of law or fact." FED. R. CIV. P. 42(a). Here, the two cases clearly involve common questions of law and fact. They arise out of the same factual scenario—namely, the sole, common Defendant's alleged actions and inactions leading up to and after Hurricane Harvey; and they share common questions of law because Plaintiffs assert the same causes of action. These commonalities predominate over the minor differences in the damages sought. Thus, the two cases are hereby consolidated.

### B. Motion to Dismiss

Defendant seeks dismissal for one reason: the statute of limitations has run. (Doc. No. 13). The parties agree that the cause of action accrued on September 3, 2017—the date of the last explosion. (*Id.*); (Doc. No. 1-2 at 41). The parties also agree that a two-year statute of limitations applies. (Doc. No. 1-2 at 41) (citing TEX. CIV. PRAC. & REM. CODE § 16.003); (Doc. No. 13 at 2) (same). Without tolling, Plaintiffs' limitations period would have run on September 4, 2019, but Plaintiffs filed their respective suits on April 4 and 9, 2024. Plaintiffs contend, however, the *Wheeler* class action—filed 30 days after the accrual date—tolled the statute of limitations, giving

5

them until April 17, 2024, to file their actions.[2] The dispositive issue, therefore, is whether tolling applies; more specifically, whether a *federal* class action tolls the statute of limitations of these *state* claims.

Defendant argues in its motion that such "cross-jurisdictional" tolling is not recognized in Texas. Thus, it contends, the filing of a *federal* class action does not toll the limitations period for *state* claims. In response, Plaintiffs argue that, while Texas courts have not addressed the issue of cross-jurisdictional tolling, they have adopted class-action tolling—*i.e.*, the filing of a state class action tolls the statute of limitations for state claims. Thus, they contend, this Court, following state tolling rules as it must, should apply tolling here. They also argue that policy considerations weigh in favor of tolling.

Intertwined federal and state case law provide the Court with certain background principles. In *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983), the United States Supreme Court held that filing a Rule 23 class action under the Federal Rules of Civil Procedure tolled limitations for putative class members pending the certification ruling. *American Pipe*, 414 U.S. at 552–53; *Crown, Cork & Seal*, 462 U.S. at 353–54. Those cases, however, dealt with the tolling effects of a *federal* class action under Rule 23 upon *federal* claims, which are governed by federal statutes of limitations. In diversity actions such as these, though, a federal court applies state statute of limitations and any accompanying tolling rules. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1145 (5th Cir. 1997).

---

[2] Plaintiffs arrive at this date because the two-year statute of limitations gives them essentially 730 days to file their suits. Only 30 days had expired before the federal class action was filed. Plaintiffs contend that since the filing of the class action paused the clock, they still had 700 days after Judge Ellison denied a Rule 23(b)(3) class certification (on May 18, 2022) to file suit. They calculate April 17, 2024, as that day. If they are correct as to their tolling argument and their math, both suits were timely filed.

In *Grant v. Austin Bridge Constr. Co.*, the Fourteenth Court of Appeals of Texas sitting in Houston held that, since Rule 42 of the Texas Rules of Civil Procedure is "patterned after" Rule 23 of the Federal Rules, *American Pipe* and progeny "provide authoritative guidance for the Texas courts." 725 S.W.2d 366, 370 (Tex. App.—Houston [14th Dist.] 1987, no writ). Thus, the "statute of limitations remains tolled for all members of the class until class certification is denied." *Id.* *Grant*, however, does not fully address the issue at hand because it only dealt with whether a *state* class action under Rule 42 of the Texas Rules of Civil Procedure tolls the statute of limitations for *state* claims.

In *Bell v. Showa Denko K.K.*, a different Texas Court of Appeals clarified the scope of *Grant*. 899 S.W.2d 749, 758 (Tex. App.—Amarillo 1995, writ denied). There, the court explained that *Grant* involved a class action for "injury to certain property rather than personal injury" suffered by "a readily discernible group of people." *Id.* Thus, as explained by the *Bell* court, the "defendants [in *Grant*] have received fair notice of the existence of a claim by the filing of a class suit." *Id.* In *Bell*, on the other hand, the facts were distinguishable. The class action at issue in *Bell* was a mass personal injury suit filed in New Mexico federal court, *id.*, not a suit for property damage filed in Texas state court as it was in *Grant*. Therefore, *Bell* wrote, "to hold that the filing of a mass personal injury suit, in a federal court, in another state, with the variety of claims necessarily involved in such a case, entitled a plaintiff to a tolling of the limitations period . . . would be an extension not warranted by the *Grant* decision." *Id.* Reduced to its essence, the ruling in *Bell* is that a federal class action does not toll the statute of limitations for state-law claims.

In 1997, the Fifth Circuit summarized Texas' class-action tolling jurisprudence "in light of *Bell*" as follows:

> A state (Texas) class action that raises property damage-type claim tolls a Texas statute of limitations pending a certification ruling. And, consistent with our

7

> understanding of this Texas tolling rule, it is unclear whether, under this rule, a *federal* class action filed in Texas or in any other State would *ever* toll a Texas statute of limitations, regardless of the type of claims raised.

*Vaught*, 107 F.3d at 1147 (emphasis added). More importantly, over a decade later, the Fifth Circuit more directly stated its understanding of Texas class-action tolling by writing that "Texas courts have not extended this holding [in *Grant*] to allow a federal class action to toll a state statute of limitations." *Newby v. Enron Corp.*, 542 F.3d 463, 472 (5th Cir. 2008).

In diversity actions such as these, the Fifth Circuit's interpretation of Texas law is binding on the district court, unless a subsequent state court decision or statutory amendment renders the Circuit's prior decision clearly wrong. *Gonzalez v. Bank of Am., N.A.*, No. H-13-861, 2014 WL 12616132, at *4 (S.D. Tex. Aug. 5, 2014) (citing *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 421 (5th Cir. 2001)). As such, district courts in the Southern District have routinely followed *Vaught* and *Newby*, consistently holding that Texas does not recognize cross-jurisdictional tolling. *See, e.g., Gregory v. Allstate Ins. Co.*, No. 3:15-cv-113, 2016 WL 4617404, at *6 (S.D. Tex. Sept. 2, 2016) (Hanks, J.) ("[T]he filing of a class action suit in federal court does not toll the statute of limitations for the purported state-law claims."); *Roberts v. Allstate Ins. Co.*, No. 3:15-cv-112, 2016 WL 4619287, at *6 (S.D. Tex. Sept. 2, 2016) (Hanks, J.) (same); *In re BP p.l.c. Secs. Litig.*, 51 F. Supp. 3d 693, 700 (S.D. Tex. 2014) (Ellison, J.) ("The Fifth Circuit . . . has not interpreted *Bell* to be context-dependent. Instead, the Fifth Circuit has cited *Bell* for the proposition that a federal class action likely *cannot* toll the statute of limitations for a claim filed in state court—i.e., that Texas does not recognize 'cross-jurisdictional tolling.'"); *In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 722 (S.D. Tex. 2006) (Harmon, J.) (holding that the filing of a federal class action "does not toll the Texas state-law claims asserted"). Plaintiffs have not cited to any cases that render the

Circuit's prior decision "clearly wrong" or provided sufficient reason to depart from its sister courts' decisions.[3] Cross-jurisdictional tolling, therefore, does not apply here.

Policy considerations do not compel a different result. Plaintiffs argue that judicial efficiency and notions of fairness support tolling here. It may be true that *American Pipe* and its progeny sought to promote efficiency and economy of litigation—the "principal purposes of the class action procedure"—because the denial of tolling to putative class members would induce them to file redundant suits before the statute of limitations runs, adding to courts' already-heavy caseloads. *See American Pipe*, 414 U.S. at 553–54. It may also be true that class-action tolling protects plaintiffs from losing their right to litigate due to delays in the certification process. While the Court is sympathetic to those concerns, the *Newby* court expressly considered them before rejecting cross-jurisdictional tolling. *See Newby*, 542 F.3d at 471 ("The policy behind [*American Pipe*] is that a contrary rule would induce potential class members to file protective motions to intervene or join in the event that the court denied class certification, simply to preserve their claims."). As this Court is bound to follow Fifth Circuit precedent, the Court finds that neither case was timely filed and both are barred by the prevailing statute of limitations. It grants Defendant's motions to dismiss the consolidated case.

---

[3] Indeed, Plaintiffs admit later in their response that "cross-jurisdictional tolling is typically not recognized by Texas as per Fifth Circuit precedents." (Doc. No. 20 at 18).

## V.     Conclusion

For the foregoing reasons, Defendant's Motion to Consolidate and Motions to Dismiss *Ackerman* and *Cruz* are **GRANTED** and both cases are hereby dismissed. (*Ackerman* Doc. Nos. 12 and 13; *Cruz* Doc. No. 11).

Signed on this _____ day of December 2024.

Andrew S. Hanen
United States District Judge

10